IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ROBERT ANTHONY HUBBARD, #109084**                                   **PLAINTIFF**

**VERSUS**                                     **CIVIL ACTION NO.: 1:13-cv-498-KS-MTP**

**JOHNNIE DENMARK, ET AL.**                                           **DEFENDANTS**

<u>REPORT AND RECOMMENDATION</u>

THIS MATTER is before the Court on the Motion for Summary Judgment [36] filed by Nurse Jennifer Williams and the Motion for Summary Judgment [42] filed by Warden Johnnie Denmark, Lieutenant Rita Bonner, Sergeant Debbie Cooley, Sergeant Obadiah Polk, and Warden Hubert Davis (collectively the "Defendants"). Having considered the submissions of the parties, along with the documents made a part of the record and the applicable law, the undersigned recommends that the Defendants' Motions for Summary Judgment [36] [42] be granted.

**PROCEDURAL HISTORY**

On October 11, 2012, the Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a Complaint [1] pursuant to 42 U.S.C. § 1983 against employees of the South Mississippi Correctional Institution ("SMCI"), in which the Plaintiff asserted allegations of failure to provide adequate medical treatment and appropriate living conditions. The Plaintiff clarified his claims at an Omnibus hearing held September 24, 2013. [36-2]. Specifically, Plaintiff alleges that he was bitten by a spider on June 4, 2012, and Lieutenant Bonner and Sergeants Cooley and Polk kept him from seeing the medical staff for three days. [36-2, pp. 14, 17, 19]. Plaintiff alleges that

1

upon visiting the medical staff he was misdiagnosed with a staph infection.[1] [36-2, p. 21]. Nurse Williams allegedly failed to properly follow the nurse practitioner's directions for treatment and to schedule an appointment with a doctor at Plaintiff's request. [36-2, pp. 26-28]. Plaintiff claims he was correctly re-diagnosed with a spider bite ten days later. [36-2, p. 23]. Plaintiff also alleges that Wardens Denmark and Davis and Lieutenant Bonner knew the building in which Plaintiff was housed was infested with spiders but did nothing to remedy the problem. [36-2, pp. 29-31].

On December 4, 2013, Nurse Williams filed a Motion for Summary Judgment [36] asserting that no genuine issue of material fact existed and that she had "not been deliberately indifferent to the serious medical needs of the plaintiff." The remaining defendants filed a Motion for Summary Judgment [42] on January 15, 2014, on the grounds of sovereign and qualified immunity. In response to an Order [45] directing Plaintiff to address the Motions, the Plaintiff asserted that all defendants had shown deliberate indifference. [46].

**STANDARD**

A motion for summary judgement will be granted only when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The court must view "the evidence in the light most favorable to the nonmoving party." *Id.* However, the nonmoving party "cannot defeat summary judgment with conclusory allegations,

---

[1] Plaintiff sued the nurse practitioner, Gwen Woodland, for the diagnosis, but the undersigned determined at the Omnibus hearing that Plaintiff had failed to state a claim against her for deliberate indifference. *See* Omnibus Order [29].

unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

## ANALYSIS

A suit under 42 U.S.C. § 1983 "basically seeks 'to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights' and to provide related relief." *Richardson v. McKnight*, 521 U.S. 399, 403 (1997) (quoting *Wyatt v. Cole*, 504 U.S. 158, 161 (1992)).  To prevail on a claim under Section 1983, Plaintiff must show that Defendants acted under color of state law and deprived him "of any rights, privileges, or immunities secured by the Constitution."

<u>Delay and Denial of Medical Treatment</u>

Under the Eighth Amendment, lack of proper medical care in a prison is only actionable if the prison officials were deliberately indifferent to the prisoner's "serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  Deliberate indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-05 (citations omitted).  The deliberate indifference must result in "substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

However, "[d]eliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't Of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).  Mere "negligen[ce] in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at 106.  Likewise, "[m]edical malpractice does

not become a constitutional violation merely because the victim is a prisoner." *Id.*

In order to prove deliberate indifference, an inmate must show that the prison "official was subjectively aware of the risk." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). The prisoner must prove that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff alleges that Nurse Williams failed to treat his wound twice in a 10-day period. Plaintiff admits, however, that he "[doesn't] know why she chose not to call [him] up on those days." [36-2, p. 27]. Missing the occasional treatment does not rise to the level of deliberate indifference. *See, e.g.*, *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992) (holding that "deficiencies" in treatment, including times when the occasional "dose of medication may have been forgotten," do not constitute deliberate indifference). Even if Nurse Williams were negligent in her treatment of Plaintiff's wound, such does not rise to the level of a constitutional violation. *Estelle*, 429 U.S. at 106. Furthermore, Plaintiff's argument that Nurse Williams did not properly treat his injury for staph infection is not well taken when he claims that he should not have been treated for staph at all.

Plaintiff also asserts that Nurse Williams did not properly schedule his requests for an appointment with the doctor. [36-2, p. 28]. However, medical records show that Plaintiff met with the nurse practitioner three times in less than a month about this specific injury, and Plaintiff admits that his wound had completely healed soon thereafter. [41, pp. 251-54, 259-62, 267-69] [36-2, pp. 15-16]. "Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." *Banuelos v.*

*McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).  Thus, Plaintiff has failed to show that Nurse Williams exhibited deliberate indifference.

Plaintiff alleges that Sergeants Polk and Cooley refused to escort him to the doctor on the day that he was bitten by the spider.  To constitute deliberate indifference, Plaintiff must show that he was suffering from a "serious medical need" at the time of the conversation.  *Estelle*, 429 U.S. at 104.  "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006) (citation omitted).  Courts have been reluctant to hold that a spider bite is a serious medical need. *See, e.g.*, *Hye v. Broadus*, 2009 WL 3259130, at *12 (S.D. Miss. Oct. 8, 2009); *Davis v. Gusman*, 2012 WL 3150047, at *3 (E.D. La. Aug. 2, 2012).  Plaintiff admits that the spider bite seemed minor on the day he approached Sergeants Polk and Cooley and that the injury did not exhibit any major symptoms until a few days later. [36-2, p. 16].  Thus, Plaintiff has failed to show that Sergeants Polk and Cooley acted with deliberate indifference.

Plaintiff alleges that Lieutenant Bonner refused to send him to the doctor, stating that his wound was a "little hair bump." [36-2, p. 31].  As stated previously, the wound must appear so serious that a layman would recognize that immediate medical attention was required. *See Gobert*, 463 F.3d at 345 n.12.  Plaintiff must show that Lieutenant Bonner was "subjectively aware of the risk." *See Farmer*, 511 U.S. at 828.  Lieutenant Bonner's expression that the wound was a "little hair bump" demonstrates that she did not believe it to be serious.  Thus, Plaintiff has failed to show that Lieutenant Bonner acted with deliberate indifference.

Conditions of Confinement

The Eighth Amendment "'does not mandate comfortable prisons,' but neither does it permit inhumane ones." *Farmer*, 511 U.S. at 832 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). Rather, it "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). Here, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834.

The Supreme Court has held that "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

Plaintiff alleges that he alerted Wardens Denmark and Davis to a spider infestation in the building where Plaintiff was housed, but they did nothing to remedy the problem. Plaintiff also alleges that Lieutenant Bonner was the building's supervisor and "never did . . . anything to combat the spider problem." [36-2, pp. 30-31]. Plaintiff has not offered any proof, such as any affidavits, of a spider infestation at the facility. Plaintiff simply offers an "unsubstantiated

6

assertion." *Turner*, 476 F.3d at 343. Furthermore, "the presence of spiders and spider webs in a building are a common occurrence." *Armstead v. Hanson*, 2007 WL 519671, at *2 (W.D. La. Jan. 22, 2007). Spiders are not uncommon in an ordinary home, and their presence does not constitute the kind of "extreme deprivation" of "life's necessities" required to show deliberate indifference. Thus, Plaintiff has failed to show that Wardens Denmark and Davis and Lieutenant Bonner acted with deliberate indifference in failing to remedy the spider problem.

Because Plaintiff has not made any cognizable constitutional claims, the Court does not need to address whether any of the Defendants are entitled to sovereign or qualified immunity.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the Defendants' Motions for Summary Judgment [36] [42] be GRANTED and that this matter be dismissed with prejudice.[2]

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation may serve and file written objections to the recommendation, with a copy to the district judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written

---

[2] This report and recommendation, if adopted, disposes of all remaining claims against all remaining defendants. The Court previously determined that process should not issue for defendant Nurse Practitioner Woodland upon finding that Plaintiff had failed to state a claim against her. *See* Ominibus Order [29].

objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 12th day of August, 2014.

s/ Michael T. Parker
United States Magistrate Judge