IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ROBERT ANTHONY HUBBARD, #109084**              **PLAINTIFF**

**V.**                     **CIVIL ACTION NO. 1:13-CV-498-KS-MTP**

**JOHNNIE DENMARK,** *et al.*              **DEFENDANTS**

**ORDER**

Plaintiff filed this Section 1983 action claiming that Defendants violated his Eighth Amendment rights by failing to provide adequate medical treatment and appropriate living conditions. Specifically, Plaintiff claims that Defendants prevented him from seeing medical staff after he was bitten by a spider, misdiagnosed the spider bite as a staph infection, failed to follow the nurse practitioner's instructions for treatment, failed to schedule an appointment with a doctor, and failed to address a known spider infestation in the building where Plaintiff was housed.[1] Defendants filed Motions for Summary Judgment [36, 42] as to all of Plaintiff's claims, and Plaintiff responded [42].

The Magistrate Judge entered his Report and Recommendation [49], in which he recommends that the Court grant Defendants' Motions for Summary Judgment [36, 42] on the basis that Plaintiff has failed to raise a genuine dispute of material fact as to Defendants' commission of any constitutional violations. After reviewing the record and the applicable law, the Court finds that the Report and Recommendation [49] is both factually and legally accurate, and that it should be adopted as the opinion of the

---

[1] A transcript of Plaintiff's *Spears* hearing is at docket number [36-2].

Court.

Plaintiff asserted two objections [50] to the Magistrate Judge's Report and Recommendation [49]. First, Plaintiff argues that each Defendant "showed a reckless disregard for Hubbard's living condition [sic] and medical treatment." In other words, Plaintiff believes the Magistrate Judge is wrong. Plaintiff failed, however, to specifically address his claims or the Magistrate Judge's analysis. The Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993). For the reasons stated in the Report and Recommendation [49], this generalized objection is without merit.

Next, Plaintiff argues that summary judgment should not be granted because he has not been provided a "copy of the log in sheet for medical treatment" and granting summary judgment will deprive him of due process of law. The Court addressed this issue in the Magistrate Judge's order [44] of March 26, 2014. Plaintiff was provided his full medical records [41] in discovery, and they show both the dates upon which he received medical treatment and the nature of that treatment. Regardless, any alleged "log in sheet" is irrelevant to the bases of the Court's decision and, therefore, Defendants' alleged failure to produce it is also irrelevant.

As required by 28 U.S.C. § 636(b)(1), the Court conducted an independent review of the entire record and a *de novo* review of the matters raised by Plaintiff's objections. For the reasons stated above, the Court finds that Plaintiff's objections are without merit. The Court further concludes that the Magistrate Judge's Report and Recommendation [49] is an accurate statement and analysis of the law and facts. The

2

Court adopts it as the opinion of the Court and **grants** Defendants' Motions for Summary Judgment [36, 42]. Plaintiff's claims are **dismissed with prejudice**. The Court will enter a separate judgment in accordance with Rule 58.

SO ORDERED AND ADJUDGED this 3rd day of September, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE